UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH PARKER, YVETTE HILL, and LOU ELLA SEYMORE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | )  Case No. 22-CV-0549-CVE-SH ) |
| TULSA TECHNOLOGY CENTER, a/k/a TULSA TECH, a/k/a TULSA TECH.EDU, | ) ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's [Lou Ella Seymore] Motion for Relief from Judgment with Combined Brief in Support (Dkt. # 36). Plaintiff Lou Ella Seymore argues that she inadvertently missed the deadline to file an amended complaint, because she failed to read the final page of the Court's opinion and order authorizing plaintiffs to file an amended complaint no later than August 30, 2023. Dkt. # 36, at 5. She also claims that she would have fully read the opinion and order if she had not been suffering from "personal issues, serious medical issues, and mental impairment[s]." Id. at 4. Defendant has not responded to Seymore's motion, and the motion is ripe for adjudication.

Joseph Parker, Yvette Hill, and Seymore filed this case alleging that defendant Tulsa Technology Center (TTC) discriminated against them because they were disabled, and they asserted claims under several federal anti-discrimination statutes. Dkt. # 1. Plaintiffs were not represented by an attorney, and the complaint was signed by each of the plaintiffs. TTC filed a motion to dismiss (Dkt. # 12) all of the claims asserted by plaintiffs, but Seymore was the only plaintiff to file a response (Dkt. # 24) to the motion to dismiss. The Court granted the motion to dismiss and all of

plaintiffs' claims were dismissed without prejudice to refiling. Dkt. # 32, at 35. The Court authorized any of the plaintiffs to file an amended complaint no later than August 30, 2023, and plaintiffs were advised that the failure to file an amended complaint would result in the dismissal of this case. Id. at 36. None of the plaintiffs filed an amended complaint and the Court entered an order (Dkt. # 33) and judgment (Dkt. # 34) dismissing plaintiffs' claims without prejudice to refiling. Seymore acknowledges that she received the opinion and order, and she claims that she "went immediately to what she perceived to be the last page." Dkt. # 36, at 5. However, Seymore read the next to last page of the opinion and order, and she believed that TTC's motion to dismiss had been granted without giving plaintiffs leave to amend. Id. Seymore states that she did not read the final page of the opinion and order granting her leave to file an amended complaint reasserting her claims, and she claims that she would have read this page but for her physical and mental impairments. Id. Seymore asks the Court to vacate the judgment of dismissal (Dkt. # 34) and allow her to file an amended complaint.

> Seymore seeks relief pursuant under Fed. R. Civ. P. 60(b)(1), which provide:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . .

Fed. R. Civ. P. 60(b).[1] The Tenth Circuit has held that the "'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments [or orders] only where: (1) a party has made an

---

[1] Seymore also cites Rule 60(b)(2) and (3), but she raises no arguments tending to show that these provisions are applicable. Rule 60(b)(2) permits a court to grant relief from a final judgment when a party learns of new evidence that was not previously available, but Seymore has not identified any new evidence in support of her underlying claims. As to Rule 60(b)(3), there is no evidence suggesting that TTC engaged in fraud or other misconduct that would warrant setting aside the Court's prior opinion and order, and Rule 60(b)(3) is inapplicable.

2

excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order." Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996). "Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances. . . . Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005). The Court has substantial discretion in connection with a Rule 60(b) motion. Pelican Production Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).

Seymore argues that she inadvertently failed to read the final page of the opinion and order, and she claims that her medical issues caused her to miss the deadline to file an amended complaint. Seymore's explanation for failing to file an amended complaint does not provide any basis for the Court to grant her relief under Rule 60(b). Plaintiff has failed to explain how her medical issues prevented her from fully reviewing the opinion and order, and she admits that she "read the first page and went immediately to what she perceived to be the last page." Dkt. # 36, at 5. Plaintiff's allegations show that she was fully capable of reading and understanding the Court's ruling, and she also states that she understood that she could refile her claims within one year following a dismissal with prejudice. Id. No impairment or medical condition prevented plaintiff from filing an amended complaint in compliance with the opinion and order, and the Court declines to reopen the case to allow plaintiff to file an amended complaint. As plaintiff points out, the ordinary effect of a dismissal without prejudice is that she may refile her claims within one year of the dismissal, and she has a remedy allowing her to refile her claims. This will also give her additional time to attempt to obtain counsel to assist her with the prosecution of her claims. The Court also notes that neither

Parker nor Hill is seeking to reopen the case to proceed with their claims, and it would be preferable to allow plaintiff to refile her own claims in a separate suit.

**IT IS THEREFORE ORDERED** that Plaintiff's [Lou Ella Seymore] Motion for Relief from Judgment with Combined Brief in Support (Dkt. # 36) is **denied**.

**DATED** this 1st day of November, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

Parker nor Hill is seeking to reopen the case to proceed with their claims, and it would be preferable to allow plaintiff to refile her own claims in a separate suit.

**IT IS THEREFORE ORDERED** that Plaintiff's [Lou Ella Seymore] Motion for Relief from Judgment with Combined Brief in Support (Dkt. # 36) is **denied**.

**DATED** this 1st day of November, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE