UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOU ELLA SEYMORE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 22-CV-0549-CVE-SH |
| ) | |
| TULSA TECHNOLOGY CENTER, ) | |
| SCHOOL DISTRICT, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Plaintiff's Motion to Clarify Order and Brief in Support (Dkt. # 74); defendant's Partial Motion to Dismiss First Amended Complaint without Prejudice (Dkt. # 76); and defendant's Motion to Strike Portions of Plaintiff's Response to Partial Motion to Dismiss Complaint (Dkt. # 84). Defendant asks the Court to dismiss plaintiff's request for equitable relief, because plaintiff's demand for equitable relief was previously dismissed by this Court and this aspect of plaintiff's claim was not expressly reinstated by the Tenth Circuit Court of Appeals. Dkt. # 76. Plaintiff has filed a motion seeking clarification as to whether she can request injunctive relief, and defendant asks the Court to strike improper factual allegations from plaintiff's response to the motion to dismiss. Dkt. ## 74, 84.

Plaintiffs Joseph Parker, Yvette Hill, and Lou Ella Seymore filed this case against Tulsa Technology Center School District (TTC) alleging various discrimination and retaliation claims in violation of Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act ("ADA"), Title VI of the Civil Rights Act of 1964 (Title VI), and Title IX of the Education Amendment of 1972. Dkt. # 1. The Court dismissed all of the plaintiffs' claims, and expressly found that Seymore's request for injunctive relief was moot due to her failure to allege that she was

currently attending or intended to attend TTC in the future. Dkt. # 32, at 34-35. Seymore appealed the Court's ruling to the Tenth Circuit. Neither Parker nor Hill joined in the notice of appeal, and they have been terminated as parties to this case. The Tenth Circuit affirmed in part and reversed in part, and the case was remanded to this Court for further proceedings on Seymore's Title VI claim only. The Court granted Seymore leave to file an amended complaint "clarifying the factual basis and relief sought in her Title VI retaliation claim," but the Court advised plaintiff that she would not be permitted to "re-assert claims that did not survive her appeal . . . ." Dkt. # 70, at 2.

Plaintiff filed an amended complaint (Dkt. # 72) re-asserting her Title VI retaliation claim, and she seeks seeks money damages, as well as declaratory, injunctive, and equitable relief. Dkt. # 72, at 2. She requests an injunction prohibiting defendant from engaging in "discriminatory and retaliatory acts against [s]tudents/[p]laintiffs who engage in protected activities." Id. at 12. There are no allegations in the amended complaint that plaintiff is taking classes at TTC or she that she intends to enroll in classes.[1]

Plaintiff has filed a motion requesting clarification as to whether she can seek injunctive relief following the Tenth Circuit's decision remanding the case for additional proceedings on her Title VI retaliation claim. Dkt. # 74. Defendant asks the Court to dismiss plaintiff's request for

---

[1] In response to the motion to dismiss, plaintiff has attached a document which she claims shows that she has enrolled in a class at TTC. Dkt. # 83, at 7. The evidence shows that she signed up for a one day class that took place on November 16, 2024, and does not tend to show that she is currently enrolled in a class at TTC. Should plaintiff become enrolled in additional and longer running classes at TTC, plaintiff's remedy is to file a motion to amend her complaint to include additional factual allegations concerning her enrollment status at TTC. As the Court will explain, the Court must rely on the allegations of her amended complaint when ruling on defendant's motion to dismiss, and the Court will not consider evidence outside of the pleadings to determine whether the amended complaint contains a plausible demand for injunctive relief. See infra p. 4.

2

injunctive relief, because the Court previously dismissed this remedy and plaintiff did not raise this issue on appeal.  Dkt. # 76.  Defendant argues that plaintiff's request for injunctive relief did not survive the appeal and, even if it did, she has not stated a plausible basis for the Court to issue an injunction against defendant.  Plaintiff has filed a response to the motion to dismiss, and she now claims that is enrolled in classes at TTC.  Dkt. # 83, at 1.  She argues that the Tenth Circuit did not specifically limit the remedies she could seek under Title VI, and she contends that she has complied with this Court's order not to re-assert claims that did not survive the appeal.  Id. at 4-5.  Defendant asks the Court to strike any factual allegations from plaintiff's response to the motion to dismiss that were not included in her amended complaint.  Dkt. # 84.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions . . . ." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (quoting Fed. R. Civ. P. 1) (internal quotations omitted). For the purpose of making the dismissal determination, a court must accept all the complaint's well-pleaded allegations as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-

3

TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim [up]on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Court finds that it is unnecessary to decide whether the Tenth Circuit's decision foreclosed the possibility of injunctive relief, because plaintiff's amended complaint contains no factual allegations that would support the entry of injunctive relief against defendant. The law is clear that a plaintiff may not amend her complaint simply by including new allegations in a response to a motion to dismiss. See Pace v. Swerdlow, 519 F.3d 1067, 1073 (10th Cir. 2008) ("we look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief"); In re Qwest Commc'ns Int'l, Inc., 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) ("the plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss"). Even though plaintiff is proceeding pro se, she must still follow the rules applicable to other litigants and she may not use her response to a motion to dismiss to supplement deficiencies in her amended complaint. The Court's prior opinion and order (Dkt. # 32) dismissed plaintiff's demand for injunctive relief due to her failure to allege any facts suggesting that she was attending classes at TTC, and plaintiff was on notice before she filed her amended complaint that specific allegations concerning her enrollment status at TTC were required in order to seek injunctive relief. Plaintiff failed to include any allegations in her amended complaint suggesting that she was actually taking classes at TTC or even that she intended to take classes at TTC. The Court explained in its previous opinion and order that such allegations are necessary to establish that injunctive relief

4

would have "effect in the real world," and plaintiff chose not to include these allegations in her amended complaint. Dkt. # 32, at 35 (quoting Rhodes v. S. Nazarene Univ., 554 F. App'x 685, 690 (10th Cir. 2014)). Defendant's motion to dismiss plaintiff's demand for injunctive relief (Dkt. # 76) is granted.[2]

**IT IS THEREFORE ORDERED** that defendant's Partial Motion to Dismiss First Amended Complaint without Prejudice (Dkt. # 76) is **granted**, and plaintiff's demand for injunctive relief is **dismissed**.

**IT IS FURTHER ORDERED** that defendant's Motion to Strike Portions of Plaintiff's Response to Partial Motion to Dismiss Complaint (Dkt. # 84) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Clarify Order and Brief in Support (Dkt. # 74) is **moot**.

**DATED** this 20th day of March, 2025.

                                                    CLAIRE V. EAGAN
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff's motion to clarify (Dkt. # 74) her right to seek injunctive relief is moot in light of the Court's decision. The Court has also determined that plaintiff's additional factual allegations in her response to the motion to dismiss that were not included in her amended complaint are not legally significant, but the Court sees no reason to strike plaintiff's allegations from her response. Therefore, defendant's motion to strike allegations from plaintiff's response (Dkt. # 84) is denied.